these articles were so affixed to the realty that they could not readily be removed. In due course the respondent Franklin Brewing Company became the owner of the lease, and acquired whatever right or title Berti or the Malcolm Brewing Company had to the fixtures above described.

In April, 1904, the plaintiff began summary proceedings to dispossess the tenants for nonpayment of rent, and it was pending these proceedings that the articles were removed. We consider that the court below properly held that the articles constituted "trade fixtures," which have been defined to mean property placed by a tenant on rented realty to advance the business for which the realty was leased, and which may, as against the lessor and those claiming under him, be removed at the end of the lessee's term. Herkimer County L. & P. Co. v. Johnson, 37 App. Div. 257–263, 55 N. Y. Supp. 924. It may be that among the property removed there were some articles of minor value, which were not strictly trade fixtures; but the attention of the court was not specifically called to them below, and no request was made for a verdict respecting them. The plaintiff relies upon certain clauses in the lease whereby the tenant agrees that at the end of the term he will surrender the premises with "all improvements and repairs thereon without charge or expense" to the landlord, and that "all improvements and alterations which may be put, placed, or made in or upon said premises shall belong to and become the property of the party of the first part [landlord] when so made, and treated as fixtures annexed to the freehold." We do not consider that the words above quoted should be held to apply to the trade fixtures which are involved in this action.

By the same lease the tenant agreed that he would make certain alterations to the premises according to plans and specifications then on file in the department of buildings. The Malcolm Brewing Company made very extensive alterations and repairs to the building, which were certainly improvements and cost upwards of $13,000. The fair and reasonable construction to be given to the lease is that it was those contemplated alterations and improvements which the tenant agreed to surrender without charge or expense to the landlord, and not the ordinary, easily removable, trade fixtures, which in no proper sense were alterations or improvements to the building.

The judgment must be affirmed, with costs. All concur.

---

BIRD v. POST et al.

(Supreme Court, Appellate Division, Second Department.    January 10, 1908.)

ACTIONS—JOINDER OF CAUSES—MALICIOUS PROSECUTIONS.

 A complaint alleged that defendants conspired to destroy the business of plaintiff, and that in pursuance of the conspiracy they wrongfully brought numerous criminal prosecutions against plaintiff and instituted civil actions against him. *Held*, that the conspiracy alleged created no cause of action, and that the overt acts pleaded as the result of the conspiracy were separate torts, which could not be united in one complaint.

Appeal from Special Term.

Action by Hobart S. Bird against Regis H. Post and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

This is an action against officials, past and present, of Porto Rico, for damages. The complaint alleged that plaintiff owned and controlled a newspaper in Porto Rico; that defendants conspired to destroy his property and obtain possession of it, and to drive him from the island; that pursuant to the conspiracy, and as a part thereof, defendants wrongfully instituted numerous criminal proceedings against plaintiff for alleged violations of the Spanish and American Penal Code, alleged to be in force in the island, and brought civil actions for libel; that plaintiff's property was destroyed and acquired by defendants; and that plaintiff was driven from the island and compelled to remain away.

The following is the opinion at Special Term of Justice William J. Kelly on sustaining demurrers:

"Whatever may be my own views as to the sufficiency of the complaint, the demurrers must be sustained on the authority of Green v. Davies, 182 N. Y. 499, 75 N. E. 536. Under that decision the alleged conspiracy creates no cause of action, and the overt acts pleaded as the result of the conspiracy constitute separate torts, which cannot be united in one complaint. Demurrers sustained, with costs."

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

PER CURIAM. Interlocutory judgment affirmed, on the opinion of Mr. Justice Kelly at Special Term, with costs.

<hr />

(123 App. Div. 166.)

HOFFMAN v. WHITE SEWING MACH. CO.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. SALES—CONDITIONAL SALES—DEFAULT IN INSTALLMENTS—RETAKING OF PROPERTY—RECOVERY OF PRICE.

Under Laws 1900, p. 1624, c. 762, providing that where a seller retakes goods, sold with a reservation of title until they are paid for, and does not sell them at public auction within 60 days, unless redeemed by the buyer, he shall be liable to the buyer for the amount paid on the purchase price, a buyer is entitled to recover the amount paid on the purchase price of a sewing machine sold conditionally and replevied by the seller for default in payment of installments, less the expense of the replevin proceedings, though the contract of sale was in the form of a lease and the payments were denominated rent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1327, 1451.]

2. SAME.

Where a sewing machine, which was sold conditionally, was retaken by the seller for default in payment of installments, and the buyer sued to recover the amount paid on the purchase price, as expressly allowed by Laws 1900, p. 1624, c. 762, the rental of the machine during the time the buyer held it was not the subject of set-off by the seller, since it would permit, in effect, the retaking of the machine and also the recovery of the purchase price.